IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01970-ZLW-BNB

CHARLES RAMOS, JUNIOR,

Plaintiff,

v.

WARDEN KEVIN MILYARD, CDOC;
CO NAIL, CDOC;
CO HARDY, CDOC;
CO HIGGINS, CDOC;
LIEUTENANT ZWORN, CDOC; and
DENNY OWENS, Hearings Officer, CDOC,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on a paper filed by the plaintiff entitled **Affidavit in Support of Motion for Emergency Injunctive Relief** [Doc. #31, filed 01/25/2011]. The defendants have not yet appeared in this action. Therefore, I construe the paper as a motion for a temporary restraining order pursuant to Rule 65(b), Fed.R.Civ.P. (the "Motion").[1] I respectfully RECOMMEND that the Motion be DENIED.

The Motion is one page in length. The plaintiff complains of "malicious harrassment [sic] by CDOC employees under the supervision of the Defendants in the form of false allegations for which I have been and am being punished in violation of my Constitutional rights." He alleges that he has "also been threatened with bodily harm and sexually and

---

[1] The plaintiff begins his request for relief by stating "[a]s set forth in my motion." However, there is no separate motion in the record.

continuously harrassed [sic] by one CO Grasnick as recently as 1-20-11 when he refused to take my laundry which caused me to be injured while trying to get his supervisor to do his job." Further, he alleges that CO Grasnick requires that the plaintiff wear a "dog's leash" whenever he leaves his cell. The plaintiff "challenges the Constitutionallity [sic] of the CDOC's actions and pray[s] for emergency relief."

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 65(b) provides that no temporary restraining order shall be granted without notice to the adverse party unless "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition."

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish his right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975).

The plaintiff's conclusory allegations are not sufficient to establish that he will suffer irreparable injury. Therefore, the plaintiff has failed to meet his heavy burden to establish entitlement to a temporary restraining order. Accordingly,

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 16, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge