IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01970-CMA-BNB

CHARLES RAMOS, JUNIOR,

Plaintiff,

v.

WARDEN KEVIN MILYARD, CDOC;
CO NAIL, CDOC;
CO HARDY, CDOC;
CO HIGGINS, CDOC;
LIEUTENANT ZWORN, CDOC; and
DENNY OWENS, Hearings Officer, CDOC,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the plaintiff's **Motion for Immediate Injunctive Relief Through Change of Venue - Writ of Habeas Corpus** [Doc. #37, filed 02/28/2011] (the "Motion") and the **Plaintiff's Affidavit in Support of Motion for Emergency Injunctive Relief - Change of Venue** [Doc. #38]. I construe the Motion solely as a motion for injunctive relief. I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC"). He filed his Amended Complaint on October 20, 2010 [Doc. #14]. At that time, he was incarcerated at the Sterling Correctional Facility. *Amended Complaint*, p. 2, ¶ 1. On February 22, 2011, the plaintiff notified the court that he had been transferred from the Sterling Correctional Facility to the Colorado State Penitentiary [Doc. #35].

The Amended Complaint asserts two claims against employees of the Sterling Correctional Facility.  Claim One asserts that as a result of prison policies the plaintiff's First Amendment right to the free exercise of religion was violated.  Claim Two asserts a violation of the plaintiff's Fourteenth Amendment due process rights based upon a disciplinary conviction for advocating a facility disruption in the chow hall.  Claim Two also asserts that the plaintiff's Eighth Amendment rights were violated by use of excessive force during the disruption in the chow hall.

In his Motion, the plaintiff alleges that "[e]ver since this action was filed Plaintiff has been the target of malicious and retaliatory acts by employees and colleagues of the Defendants through the use of false allegations and perjury to bring about disciplinary actions and obtain convictions for same resulting in sanctions including punitive segregation, loss of good time and administrative segregation."  *Motion*, ¶ 2.  He further alleges that since he has filed this action, DOC employees have denied him medical and mental health care and he has "been the target of malicious libel, threats of physical violence, verbal abuse, and sexual harassment by one Officer Grasmick."[1] Id. at ¶¶ 3-4.  The plaintiff seeks an order directing the Colorado Department of Corrections ("DOC") to "remove Plaintiff through interstate compact to the jurisdiction of the U.S. District Court in Clark County, Nevada, there to be placed in the custody of the State of Nevada at the nearest available and proper facility at the expense of the Defendants and/or the

---

[1]Grasmick is the only employee named in the Motion.  Captain Keisel is the only employee named in the plaintiff's affidavit.  Grasmick and Keisel are not named in the Amended Complaint.

State of Colorado." Id. at ¶ 5B.  In his affidavit, he describes only actions that predate his

transfer from the Sterling Correctional Facility to the Colorado State Penitentiary.[2]

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v.

Kerner, 104 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief

is clearly established.  Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964).  The burden is on

the movant to establish his right to the relief requested.  Penn v. San Juan Hospital, Inc., 528

F.2d 1181, 1185 (10th Cir. 1975).  To obtain a preliminary injunction under Rule 65(a), the

plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the

threatened injury to the moving party outweighs whatever damage the proposed injunction may

cause the opposing party; (3) the injunction, if issued, would not be adverse to the public

interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on

the merits.  Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980).  The plaintiff's right to relief

must be clear and unequivocal.  Penn, 528 F.2d at 1185.

The following kinds of preliminary injunctions are disfavored: (1) those that disturb the

status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the

movant substantially all the relief he may recover at the conclusion of a full trial on the merits.

SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096 1098-99 (10th Cir. 1991).  "[A]ny preliminary

---

[2]Indeed, the affidavit was signed on February 2, 2011--twenty days prior to filing his
notice of transfer.

injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004).  The plaintiff seeks both a mandatory injunction and an injunction that would disturb the status quo.[3]  Therefore, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms." Id. at 976.

The plaintiff does not discuss the likelihood of success on the merits or the balance of the harms.  Moreover, the plaintiff may not use this action to seek an injunction concerning events and defendants that are unrelated to those asserted in the Amended Complaint.  If the plaintiff wishes to assert a claim for injunctive relief regarding unrelated events and defendants, he must (after exhausting available administrative remedies) either file a separate complaint raising those issues or seek leave to amend his complaint to include those claims.  Finally, "[a]n inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief related to conditions of confinement." Mitchell v. Estrada, 225 Fed.Appx. 737, 741 (10th Cir. 2007). Because the plaintiff's request for injunctive relief concerns events that occurred at the Sterling Correctional Facility, and because he is no longer incarcerated at the Sterling Correctional Facility, his request for injunctive relief is moot.  Accordingly,

I respectfully RECOMMEND that the Motion be DENIED.

---

[3]Mandatory injunctions "affirmatively require the nonmovant to act in a particular way." SCFC, 936 F.2d  at 1099.  Injunctions that disturb the status quo alter the parties existing relationship. Id. at 1100.  "The status quo is not defined by the parties' existing *legal rights*; it is defined by the *reality* of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights." Id. (emphasis in original).

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 7, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge