IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01970-CMA-BNB

CHARLES RAMOS, JUNIOR,

Plaintiff,

v.

WARDEN KEVIN MILYARD, CDOC;
CO NAIL, CDOC;
CO HARDY, CDOC;
CO HIGGINS, CDOC;
LIEUTENANT ZWORN, CDOC; and
DENNY OWENS, Hearings Officer, CDOC,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

On August 18, 2010, the plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Doc. #2]. He was directed to pay an initial partial filing fee of $23.00 and thereafter "make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month . . . why he has no assets and no means by which to make the monthly payment." The plaintiff was instructed that "[i]n order to show cause, the plaintiff must file a current certified copy of his trust fund account statement." He was cautioned that failure to make his monthly payments or show cause each month would result in dismissal of his Complaint without further notice.

On September 16, 2010, the plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of the initial partial filing fee [Doc. #5]. He was directed that, until the filing fee was paid in full, he must "make monthly payments to the Court

of twenty percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment." He was again told that in order to show cause, he "must file a current certified copy of his trust fund account statement," and he was again warned that failure to make the monthly payments or show cause each month could result in dismissal of the Complaint without further notice.

On April 15, 2011, the plaintiff sought a "deferral of payment of filing fees for the month of February, 2011 due to his inability to pay as is shown in th[e] certified copy of his account balance for that month." The plaintiff attached to the motion a copy of his trust fund account statement for the months of September, October, November, and December 2010, and January, February, and March 2011. His trust fund account statement showed that he did not have the means to make a payment for the month of February. Therefore, I denied the motion as moot.

In addition, I noted that the plaintiff has repeatedly been ordered to either submit his filing fee payments or show cause each month why he cannot [Docs. #2, #5, #17, and #21]. The plaintiff has also been cautioned repeatedly that failure to make a monthly payment or show cause each month why he cannot could result in the dismissal of the action [Docs. #2, #5, and #21].

I also noted that on November 19, 2010, the plaintiff was unequivocally ordered that on or before December 10, 2010, he must either pay the appropriate fee or show cause why could not. He was cautioned that failure to do so would result in dismissal of the case:

> On September 16, 2010, Plaintiff was granted leave to proceed pursuant to 28 U.S.C. § 1915, and was directed to pay the appropriate monthly payments or **to show cause** why he had no assets and no means by which to pay the designated monthly payments. In order to show cause, Plaintiff must file, **for each month** he is unable to pay a monthly payment, a current **certified**

> **copy** of his trust fund account statement.  Plaintiff continues to file letters and account statements that are **not certified**.
>
> Plaintiff fails to understand that he either must pay the appropriate monthly payment or show cause as directed in the September 16 order. Simply because Plaintiff does not have enough funds in his trust fund account does not mean he does not need to show cause as directed on a monthly basis.  Plaintiff's request that the Court waive the requirement that he either make monthly payments or show cause why he is unable to do so is **DENIED**.
>
> Plaintiff shall have **twenty-one (21) days from the date of this minute order** either to make a monthly filing fee payment or to file a copy of his trust fund account statement that is **certified** by an appropriate official of Plaintiff's penal institution.  Failure to do so within the time allowed will result in the dismissal of the instant action.

*Minute Order dated November 19, 2010* [Doc. #21] (emphasis in original).

The plaintiff did not make a payment, nor did he show cause on or before December 10, 2010.  To the contrary, with the exception of one $10.00 payment on April 7, 2011 [Doc. #47], the plaintiff has not made a monthly filing fee payment or shown cause *each month* why he cannot not pay.  Rather, he waited until April 15, 2011, to file the motion to defer his February 2011 payment.  In addition, he has not made a payment or shown cause for the months of May and June 2011.

Based on these events, I ordered the plaintiff to show cause [Doc. #52] why this case should not be dismissed for failure to comply with the orders of this court to either make his monthly filing fee payments or show cause *each month* why he cannot [Docs. #2, #5, #17, and #21].  D.C.COLO.LCivR 41.1.  I admonished the plaintiff that it is not acceptable for him to meet his monthly obligations only at his convenience or only when specifically called upon by the court, and I informed him that such a procedure unreasonably burdens the court.  I cautioned

3

the plaintiff that failure to show cause on or before July 1, 2011, would result in my recommendation that this case be dismissed. The plaintiff did not respond to my order to show cause.

Before recommending dismissal of this case as a sanction, I must consider the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), which include (1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective. See Cosby v. Meadors, 351 F.3d 1324, 1333 (10th Cir. 2003).

Any actual prejudice suffered by the defendants as a result of the plaintiff's failure to comply with the court's orders is minimal and, without more, would be insufficient to warrant dismissal. However, the purpose behind requiring prisoners to pay their filing fees is to deter frivolous litigation. Williams v. Roberts, 116 F.3d 1126, 1127-28 (5th Cir. 1997). Defendants, and the courts, are burdened by frivolous civil rights cases. Thus, civil rights defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.

The plaintiff's failure to comply with court orders has caused disruption to the judicial process. Instead of attending to the merits of this case and others, I have been required to devote attention to this plaintiff's failure to comply with court orders and §1915(b). In addition, as noted in the Cosby case, the plaintiff's failure to comply with his obligation to make payments or show cause demonstrates a lack of respect for the judicial process and the law; it undermines the uniform application of the rules towards *in forma pauperis* litigants, many of whom comply with

their obligations; and it substantially interferes with the ability of the court to exercise its case administration authority. Where, as here, a party flaunts a court's orders or complies only when it is convenient, the fundamental mechanism by which justice is administered is harmed.

With regard to the issue of culpability, the plaintiff alone is responsible for failing either to make his payments or show cause why he cannot in compliance with the court's order.

The plaintiff has been warned repeatedly that his case would be dismissed for noncompliance with the payment or reporting requirements [Docs. #2, #5, and #21].

Finally, I conclude that no sanction less than dismissal without prejudice would be effective. The plaintiff is proceeding *in forma pauperis*; consequently, a monetary sanction would be ineffective. Because the injury from the plaintiff's failure to comply principally is to the judicial system, and not the defendants, a sanction limiting the plaintiff's ability to present evidence would bear no substantial relation to the misconduct. Under these circumstances, I am convinced that dismissal of this case without prejudice is an appropriate sanction.

I respectfully RECOMMEND that the plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1 for his failure to make monthly payments of twenty percent of his preceding month's income until his filing fee was paid in full, or show cause each month that he has no assets with which to make the monthly payment, all as directed by the court's orders [Docs. #2, #5, #17, and #21].

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas

v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 11, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge